UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

WILLIAM BEEBE,

          Plaintiff,

v.

JOHN DAVIDS et al.,

          Defendants.
_____/

Case No. 1:23-cv-838

Honorable Sally J. Berens

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, Plaintiff has been granted leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.9.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997).

Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is

fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

2

consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues the following ICF staff: Warden John Davids, Deputy Warden/Deputy of Housing/Custody D. Bonn, Housing Unit Manager Brooke Oversmith, Custody/Corrections Officer Unknown Shaffer, and Custody/Corrections Officer Unknown Ayotte.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

Plaintiff alleges that, on March 2, 2023, at 11:30 p.m., Plaintiff entered a dimly lit hallway where the overhead lighting was covered with paper. (ECF No. 1, PageID.5.) Plaintiff slipped and fell on a wet, recently mopped floor, injuring his knee and back. (*Id.*) At the time that Plaintiff fell, he did not see or hear anything warning him of the wet floor. (*Id.*)

That same day, Plaintiff was transferred by ambulance to the hospital, where he received diagnostic testing, immediate knee surgery, and a prescription for pain relievers. (*Id.*) Plaintiff was confined in the hospital for two days and, upon release to the prison, was given a walker and wheelchair ride back to his housing unit. (*Id.*) Plaintiff continued to receive follow-up medical care and instructions for physical therapy exercises. (*Id.*, PageID.6.)

Plaintiff further alleges that, on September 19, 2022, non-party Prisoner Tony Marsh fell on a wet floor in the "backhall" of unit 6, injuring his knee, (ECF No. 1-8, PageID.42) and, on April 22, 2023, non-party Prisoner D. Ross slipped on a wet floor in a hallway, twisting his foot. (*id.*, PageID.43). Each non-party prisoner spoke with Defendants Bonn and Oversmith about his fall, with Prisoner Ross talking to Defendants Bonn and Oversmith about concerns "when porters mop [sic] after midnight without lights on and no warning signs." (*Id.*)

Plaintiff states that Defendant Davids is "ultimately responsible for the overall operation of ICF," including ensuring the safety of the facility. (ECF No. 1, PageID.3.) He also states that Defendants Bonn and Oversmith are responsible for ensuring safe housing conditions, and that Defendants Shaffer and Ayotte were "directly responsible for keeping Plaintiff safe from injury" by inspecting the housing unit for unsafe conditions. (*Id.*, PageID.3–4.)

Plaintiff seeks declaratory, injunctive, and monetary relief. (*Id.*, PageID.7–8.)

## II.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*,

4

550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because Section 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under Section 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Here, Plaintiff alleges that Defendants violated Plaintiff's Eighth Amendment rights "regarding unsafe conditions" in allowing water to accumulate on the floor in a dimly lit environment. (ECF No. 1, PageID.6.) The Court will also liberally construe Plaintiff's complaint to include tort claims in violation of Michigan state law.

### A. Supervisory Liability

Plaintiff's complaint is premised upon his allegations that Defendants each have a responsibility for overseeing aspects of safety within the prison environment. However, government officials may not be held liable under Section 1983 for the unconstitutional conduct of their subordinates—whether that be porters or other ICF staff—under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

The Sixth Circuit repeatedly has summarized the minimum required to constitute active conduct by a supervisory official:

> "[A] supervisory official's failure to supervise, control or train the offending individual is not actionable *unless* the supervisor either encouraged the specific incident of misconduct or in some other way directly participated in it." *Shehee*,

6

> 199 F.3d at 300 (emphasis added) (internal quotation marks omitted). We have interpreted this standard to mean that "at a minimum," the plaintiff must show that the defendant "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers."

*Peatross v. City of Memphis*, 818 F.3d 233, 242 (6th Cir. 2016) (quoting *Shehee*, 199 F.3d at 300, and citing *Phillips v. Roane Cnty.*, 534 F.3d 531, 543 (6th Cir. 2008)); *see also Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375–76 (1976), and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *Leach v. Shelby Cnty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).

Here, Plaintiff fails to allege any facts suggesting that Defendants encouraged or condoned any constitutional violation by any subordinate, or authorized, approved, or knowingly acquiesced in any alleged misconduct that could be said to have caused a violation of Plaintiff's constitutional rights. Accordingly, Plaintiff cannot maintain claims against Defendants premised upon their alleged supervisory responsibilities for overseeing the operation of ICF, ensuring safe housing conditions, or keeping Plaintiff safe from injury.

### B.     Eighth Amendment Conditions of Confinement Claims

Plaintiff's allegations also fail to give rise to any Eighth Amendment claim. With its prohibition of "cruel and unusual punishments," the Eighth Amendment imposes a duty on prison officials to provide "humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). However, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987).

Rather, "[t]he Eighth Amendment is concerned only with 'deprivations of essential food, medical care, or sanitation,' or 'other conditions intolerable for prison confinement.'" *Richmond v. Settles*, 450 F. App'x 448, 454-55 (6th Cir. 2011) (quoting *Rhodes v. Chapman*, 452 U.S. 337,

7

348 (1981)). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347. As a consequence, "extreme deprivations are required to make out a conditions-of-confinement claim." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347).

For a prisoner to prevail on an Eighth Amendment claim, the prisoner must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer*, 511 U.S. at 834 (applying deliberate indifference standard to medical claims)); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35-37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842.

As the Supreme Court explained:

> The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such concerns when it imposes tort liability on a purely objective basis. But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

8

*Farmer,* 511 U.S. at 837-38 (citations omitted). Accidents, mistakes, and other types of negligence are not constitutional violations merely because the victim is a prisoner. *See Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer,* 511 U.S. at 839.

Plaintiff alleges that Defendants have, in the past, learned that prisoners have slipped and fallen on wet floors which, on one occasion, were not well-lighted. Plaintiff identifies only one such incident that preceded his fall, and that incident occurred six months before Plaintiff fell. (Grievance, ECF No. 1-8, PageID.42.) Moreover, in that instance, the only indication that any of the Defendants knew about it is the September 21, 1992, grievance that indicates that Prisoner Tony Marsh spoke to Defendants Bonn and Oversmith after Marsh fell. (*Id*.) However, Plaintiff does not provide this Court with sufficient factual allegations to suggest plausibly that any Defendant was aware of the recently mopped floor in a dimly lit hallway the night that Plaintiff fell, much less that any Defendant was deliberately indifferent to whatever serious risk was caused by that recently mopped floor.

Plaintiff's allegations might support the inference that Defendants, by virtue of Marsh's fall, should have known of the risk. (Compl., ECF No. 1, PageID.7 ¶¶ 17,18 (noting that various defendants "should have known").) The liability suggested by information that a defendant "should-have-known" is negligence, not deliberate indifference. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 770 (2011).

Moreover, "federal courts have nearly unanimously held that a slip and fall, without more, does not amount to cruel and unusual punishment." *Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. 2017) (citation and quotation omitted). The United States Court of Appeals for the Sixth Circuit and lower courts within this circuit have routinely held that similar prison conditions fall

9

short of supporting an Eighth Amendment claim. *See White v. Tyszkiewicz*, 27 F. App'x 314, 315 (6th Cir. 2001) (Prisoner's claim that he slipped and fell on ice was properly dismissed for failure to state a claim because his allegations were "insufficient to state a claim under the Eighth Amendment."); *Lotz v. Buck*, No. 4:12-cv-P131, 2013 WL 1742600, at *3 (W.D. Ky. Apr. 23, 2013) (collecting cases); *Chamberlain v. Nielsen*, No. 2:10-cv-10676, 2010 WL 1002666, at *3 (E.D. Mich. Mar. 18, 2010) ("[W]hile Plaintiff states that he informed three unidentified jail guards about the ripped shower mat, he has not shown that those guards acted with deliberate indifference in failing to replace the mat or take other corrective action. At best, he has shown that the guards were negligent, which fails to state a claim under § 1983."). As one court stated, "'[a] slip and fall, without more, does not amount to cruel and unusual punishment. . . Remedy for this type of injury, if any, must be sought in state court under traditional tort law principles.'" *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (quoting *Mitchell v. West Virginia*, 554 F. Supp. 1215, 1217 (N.D. W. Va. 1983)).

At best, Plaintiff's allegations against Defendant sound in negligence. But negligence does not give rise to constitutional liability under Section 1983. *See Estelle,* 429 U.S. at 106. Accordingly, the Court will dismiss Plaintiff's Eighth Amendment claims.

### C. State Law Tort Claims

The Court has liberally construed Plaintiff's complaint to also include claims for violation of state law and MDOC policy. Claims under Section 1983 can only be brought for "deprivations of rights secured by the Constitution and laws of the United States." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 924 (1982). Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Therefore, Plaintiff's assertions that Defendants violated MDOC policy, were reckless, or failed to exercise reasonable case fail to state a claim under Section 1983.

10

To the extent that Plaintiff seeks to invoke this Court's supplemental jurisdiction over a state-law claim, the Court declines to exercise jurisdiction. Ordinarily, where a district court has exercised jurisdiction over a state-law claim solely by virtue of supplemental jurisdiction and the federal claims are dismissed prior to trial, the court will dismiss the remaining state-law claims. *See Experimental Holdings, Inc. v. Farris* 503 F.3d 514, 521 (6th Cir. 2007) ("Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966))); *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). In determining whether to retain supplemental jurisdiction, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld*, 994 F.2d at 1182; *see also Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006) ("Residual jurisdiction should be exercised only in cases where the interests of judicial economy and the avoidance of multiplicity of litigation outweigh our concern over needlessly deciding state law issues." (internal quotations omitted). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)); *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 850 (6th Cir. 2012).

Given that Plaintiff fails to state a federal claim, the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Accordingly, any intended state-law claims will be dismissed without prejudice.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's federal claims will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will also dismiss

11

Plaintiff's state law claims without prejudice to Plaintiff's ability to raise those claims in the state courts.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, *e.g.*, by the "three-strikes" rule of Section 1915(g). If he is barred, he will be required to pay the full appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.

Dated:   August 29, 2024                          /s/ Sally J. Berens
                                                  SALLY J. BERENS
                                                  United States Magistrate Judge